

FILED

FEB 27 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

KATE R. KEY

Plaintiff,

v.

LOUIS DEJOY, Postmaster General

United States Postal Service

Defendant.

1:26-cv-02255
Judge John F. Kness
Magistrate Judge Jeannice W. Appenteng
Random/ Cat. 1

# COMPLAINT

## I. PARTIES

1. Plaintiff, Kate R. Key, is an individual and employee of the United States Postal Service who worked in Chicago, Illinois for approximately 33 years, including approximately 14 years as a Supervisor, and is currently on injury compensation leave.

2. Defendant Louis DeJoy is the Postmaster General of the United States Postal Service and is sued in his official capacity.

## II. JURISDICTION AND VENUE

3. This action arises under the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act, and this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper in the Northern District of Illinois because the events giving rise to this action occurred within this District and Plaintiff was employed within this District.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed administrative Equal Employment Opportunity complaints and pursued the administrative process through final decision.

6. The Equal Employment Opportunity Commission, Office of Federal Operations, issued a final decision on January 14, 2026.

7. Plaintiff files this action within ninety (90) days of receipt of that decision and is therefore timely.

## IV. NATURE OF THE ACTION

8. This is an action for disability discrimination, failure to provide reasonable accommodation, retaliation, and hostile work environment in violation of federal law.

9. Plaintiff experienced a longstanding pattern of harassment and retaliation over multiple years, including frequent and ongoing mistreatment, the full extent of which will be established through discovery and evidence.

## V. FACTUAL BACKGROUND

10. Plaintiff has been employed by the United States Postal Service for approximately 33 years, including approximately 14 years as a Supervisor.

11. Plaintiff has documented medical conditions involving trauma-related and anxiety-related conditions that substantially limit major life activities and require treatment and workplace accommodations. Defendant was aware of Plaintiff's medical condition.

12. In or around March 2020, during the COVID-19 pandemic, Plaintiff's manager, Thomas Bray, along with NAP representative Charles Mays, instructed Plaintiff to utilize pandemic-related leave for self-care due to her medical condition, demonstrating Defendant's awareness of Plaintiff's health limitations and need for accommodation.

13. Beginning no later than 2019, Plaintiff requested reasonable accommodations including schedule adjustments and workplace modifications related to her medical condition. Defendant considered Plaintiff's requests but repeatedly denied accommodations, including on the basis of alleged undue hardship and Plaintiff's designation as an essential employee, despite Plaintiff's documented limitations.

14. Plaintiff engaged in protected activity, including filing multiple EEO complaints and reporting harassment and discrimination by her manager and other management officials.

15. Plaintiff experienced ongoing harassment, hostility, and mistreatment by her manager and other management officials, including verbal abuse, intimidation, and other inappropriate and threatening conduct that undermined her ability to perform her duties.

16. Following Plaintiff's protected activity and accommodation requests, Defendant subjected Plaintiff to adverse actions, including increased hostility, interference with her employment, and other actions that negatively affected her working conditions.

17. On or about October 8, 2021, Plaintiff was removed from the clock while still employed during ongoing EEO activity and was not paid for an extended period without clear explanation or due process.

18. Plaintiff experienced numerous additional incidents of harassment and retaliation over time, the full extent of which will be established through discovery and evidence.

19. As a result of Defendant's conduct, Plaintiff suffered emotional distress, financial harm, worsening of her medical condition, and other damages.

## VI. CLAIMS FOR RELIEF

### COUNT I — Disability Discrimination (Rehabilitation Act)

20. Plaintiff realleges the preceding paragraphs.

21. Plaintiff is an individual with a disability within the meaning of federal law.

22. Defendant subjected Plaintiff to adverse employment actions because of her disability.

23. Plaintiff suffered damages including emotional distress and financial loss.

### COUNT II — Failure to Provide Reasonable Accommodation (Rehabilitation Act)

24. Plaintiff realleges the preceding paragraphs.

25. Plaintiff requested reasonable accommodations including schedule modifications and workplace adjustments related to her medical condition.

26. Defendant considered Plaintiff's requests but denied reasonable accommodations, including on the basis of alleged undue hardship.

27. Plaintiff suffered harm including worsening of her condition and emotional distress.

### COUNT III — Retaliation (Rehabilitation Act / Title VII)

28. Plaintiff realleges the preceding paragraphs.

29. Plaintiff engaged in protected activity including filing EEO complaints and requesting reasonable accommodations.

30. Defendant subjected Plaintiff to adverse actions including hostility, interference with employment, and removal from the clock.

31. Defendant's actions were taken in retaliation for Plaintiff's protected activity.

### COUNT IV — Hostile Work Environment

32. Plaintiff realleges the preceding paragraphs.

33. Plaintiff was subjected to a pattern of harassment and intimidation that was severe and pervasive.

34. Defendant knew or should have known of the harassment and failed to take prompt and effective corrective action sufficient to prevent continued harm.

## VII. DAMAGES

- Emotional distress
- Mental anguish
- Loss of enjoyment of life
- Financial harm
- Medical expenses
- Pain and suffering
- and other damages to be proven at trial

## VIII. REQUEST FOR RELIEF

- Enter judgment in favor of Plaintiff
- Award compensatory damages
- Award damages for emotional distress and pain and suffering

- Award back pay and front pay
- Award damages for future economic losses and future medical expenses
- Award costs and fees
- Grant any additional relief the Court deems just

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Kate R. Key
Plaintiff Pro Se

12507 S Ashland Apt 2W
Calumet Park, IL 60827
Phone: 1-773-501-7150
Email: Katekey1@yahoo.com

Date: 2-27-26